IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dangelo Jerome Gause,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:09-cr-00232-TLW-2<br>C/A No. 4:15-cv-03025-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Dangelo Jerome Gause. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge, and the Court sentenced him as a career offender to 235 months imprisonment. Both of his career offender predicate convictions were for possession with intent to distribute marijuana. PSR ¶¶ 56, 59. He did not file a direct appeal. His sentence was subsequently reduced to 210 months pursuant to the Fair Sentencing Act, and then reduced again to 180 months pursuant to Amendment 782 to the sentencing guidelines.

On July 28, 2015,[1] Petitioner filed this § 2255 petition, asserting that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). The Government filed a motion to dismiss, ECF No. 480, and he filed a reply, ECF No. 484.

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

This matter is now ripe for decision.

## II.   28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag*

*v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

As noted above, Petitioner asserts that he is entitled to relief in light of *Johnson* and *Miller*—specifically, that he is no longer properly classified as a career offender and should be resentenced. He is incorrect.

As an initial matter, it is not clear that *Johnson* applies retroactively on collateral review. *Compare In re Gieswein*, 802 F.3d 1143, 1148–49 (10th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that the Supreme Court has not found that *Johnson* applies retroactively in the context of an ACCA sentence), *and In re Rivero*, 797 F.3d 986, 990–91 (11th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that *Johnson* does not apply retroactively in the context of a career offender sentenced under the then-mandatory sentencing guidelines), *with Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (granting permission to file a second or successive petition and concluding that *Johnson* applies retroactively in the context of an ACCA sentence). The Fourth Circuit has not yet weighed in on the retroactivity question, though it is currently pending before the court. *See In re Scott*, No. 15-0291 (4th Cir.); *In re Hubbard*, No. 15-0276 (4th Cir.). The question of *Johnson*'s retroactivity is also pending before the Supreme Court. *Welch v. United States*, No. 15-6418 (Sup. Ct.). However, even if *Johnson* does apply retroactively, it would not apply to

Petitioner's case, as *Johnson* involved the constitutionality of the residual clause of the Armed Career Criminal Act, not felony drug convictions, such as the PWID marijuana convictions that served as Petitioner's predicate convictions.

Additionally, *Miller* and *Simmons* provide no relief to Petitioner because *Simmons* arose out of North Carolina's unique sentencing laws and has no application to the South Carolina felony drug offenses that serve as his predicate offenses.

Furthermore, even if *Johnson* or *Miller* applied to invalidate the use of Petitioner's PWID marijuana convictions as predicates, they would not apply here in the context of a career offender enhancement under the sentencing guidelines.  The Fourth Circuit has recently concluded that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255.  *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015); *see also United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015) (concluding that *Johnson* does not apply to sentencing guideline calculations because the guidelines do not prohibit conduct or fix punishments).  Accordingly, he is not entitled to habeas relief based on the alleged improper career offender designation.

## V.     Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 480, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 457, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court

concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 29, 2016
Columbia, South Carolina