IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Dangelo Jerome Gause | Crim. No. 4:09-cr-00232-TLW<br><br>**ORDER** |

This matter is before the Court on Defendant Dangelo Jerome Gause's motions for a sentence reduction pursuant to the First Step Act of 2018. ECF Nos. 518 & 521. Because the motions are identical, the Court will address them together. For the reasons set forth below, the Court denies Gause's motions.

## BACKGROUND

On September 14, 2011, Gause pled guilty to conspiring to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. ECF Nos. 220, 221. Following his plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that calculated Gause's applicable Sentencing Guidelines. ECF No. 274. Gause was determined to be a career offender based on both the instant offense of conspiracy and his two prior South Carolina convictions for possession with intent to distribute ("PWID") marijuana. *See* Presentence Investigation Report ("PSR"), ECF No. 274, ¶ 72. Specifically, his first PWID conviction occurred in 2000 and resulted in a sentence of ten years, suspended to five years and five years' probation. *Id.* ¶ 56. His second PWID conviction occurred in 2009 and resulted in a sentence of five years suspended to 90 days and five years'

probation. *Id.* ¶ 59. The PSR calculated Gause's Guidelines range to be 360 months to Life. *Id.* ¶ 100.

Prior to sentencing, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. ECF Nos. 272 & 273. The Court granted the motion, and sentenced Gause to 235 months of imprisonment followed by a 5-year term of supervised release. ECF No. 282. In September 2013, the Court reduced his sentence to 210 months and a 4-year term of supervised release pursuant to the Fair Sentencing Act. ECF Nos. 398 & 402. In September 2015, the Court again reduced his sentence to 180 months pursuant to a retroactive Guideline amendment. ECF No. 477.

Gause's present First Step Act motion was filed while he was still in custody. ECF No. 521. However, after he filed his motion, he was released from custody on January 6, 2023, having served 11 years, 10 months, and 10 days. ECF No. 524–1. Following Gause's release, the Government filed its opposition to his motion. ECF No. 424. Accordingly, this matter is ripe for review, adjudication, and disposition.

## DISCUSSION

Gause asserts that he is entitled to a sentence reduction under the First Step Act because, following the Act, his second South Carolina PWID conviction in 2009 can no longer be considered a career offender predicate offense since he served less than 12 months imprisonment on that conviction. ECF Nos. 518 & 521. For the reasons that follow, the Court finds that there is no persuasive merit to this argument.

The Court will first provide some background on the relevant statutes at issue before addressing their effect on Gause's sentence. In 2010, Congress passed the Fair Sentencing Act, which reduced the 100-to-1 cocaine base and powder cocaine disparity in sentencing. *See United States v. McDonald*, 986 F.3d 402, 404 (4th Cir. 2021) Thus, the Fair Sentencing Act increased the quantities of cocaine base required to trigger statutory mandatory minimum sentences. *Id.* Specifically, Section 2 of the Fair Sentencing Act changed the drug weight threshold that triggers a mandatory statutory sentencing range of ten years to life from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. However, the Fair Sentencing Act was not made retroactive, so generally, defendants who were sentenced under the prior disparate drug amounts could not receive adjusted sentences. *McDonald*, 986 F.3d at 404.

Gause's participation in the conspiracy took place from 1995 until 2009– before the passage of the Fair Sentencing Act. Thus, he was not originally sentenced pursuant to the amended penalties in the Fair Sentencing Act. However, in *Dorsey v. United States*, the Supreme Court ruled that defendants sentenced after August 3, 2010 were entitled to be resentenced pursuant to the penalties in the Fair Sentencing Act. 567 U.S. 260 (2012). Accordingly, Gause was resentenced pursuant to the Fair Sentencing Act on September 30, 2013. ECF No. 402. After again accounting for the Government's motion for a downward departure, the Court resentenced Gause to 210 months. *Id.*

In 2018, Congress enacted the First Step Act, which gave retroactive effect to

the Fair Sentencing Act and allows defendants to bring a motion in district court for a reduction of their sentence pursuant to the Fair Sentencing Act. *Id.* The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that was "committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. Section 404 of the First Step Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

*Id.* § 404(b), 132 Stat. at 5222 (internal citation omitted).

After the First Step Act was passed, Gause filed for a sentence reduction and requested that the penalties in the Fair Sentencing Act be retroactively applied via the First Step Act to his conviction and sentence. ECF No. 497. In response, the United States Probation Office issued a sentence reduction report, which found that the First Step Act did not change Gause's applicable Guidelines since he was resentenced pursuant to the Fair Step Act in 2013. ECF No. 498. On June 24, 2020, the Court entered an order denying Gause's First Step Act motion, noting that "he was resentenced pursuant to the Fair Sentencing Act on September 25, 2013. Thus, he is ineligible for relief pursuant to § 404(c) of the First Step Act, which provides that '[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in

accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . .'" ECF No. 501.

Thereafter, Gause filed the present First Step Act motions, his second and third, respectively. ECF Nos. 518 & 521. These motions assert identical arguments. In reviewing these motions, the Court concludes that, for two reasons, the First Step Act does not provide a vehicle for reducing Gause's sentence. First, for the reasons stated in the Court's June 24, 2020 order, he is not eligible for a sentence reduction under the First Step Act because he was previously resentenced pursuant to the Fair Sentencing Act in 2013.

Second, Gause's challenges the status of his 2009 second PWID conviction as a career offender predicate is not a persuasive basis for a sentence reduction under the First Step Act. In his motions, Gause asserts he is entitled to a reduced sentence because his 2009 PWID convictions no longer qualifies as career offender predicates in light of the First Step Act. *Id.* Gause basis this arguments on the First Step Act's modification to the definition of the term "serious drug felony" in 21 U.S.C. § 802(a)(1)(57), which now states that a "serious drug felony" is a drug offense described in § 924(e)(2) "for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). Gause argues that, because he served less than 12 months (specifically, 90 days) on his 2009 PWID conviction, it is no longer "serious drug felonies" and thus no longer valid career offender predicates. ECF No. 518 at 2; ECF

No. 521 at 2.

There is no persuasive merit to this argument because Gause's 2009 PWID conviction would remain a career offender predicate if he were sentenced today. Career offender status does not turn on whether a predicate conviction is a "serious drug felony" but rather whether the conviction is a "controlled substance offense," and the evaluation of whether a conviction is a "controlled substance offense" does not consider the length of the sentence served by the defendant for that offense. *See* U.S.S.G. § 4B1.1(a). Today, there is no question that, under currently applicable Fourth Circuit caselaw, both of Gause's PWID convictions remain career offender predicates because they still constitute "controlled substance offenses". *See generally United States v. Davis*, 72 F.4th 605, 610 (4th Cir. 2023) (holding, in relevant part, that distribution offenses under South Carolina law are not categorically disqualified from being treated as "controlled substance offenses" under the career offender provision of the United States Sentencing Guidelines). Thus, because his 2009 South Carolina PWID conviction remain valid career offender predicate, the Court concludes that Gause is not eligible for relief under the First Step Act.[1]

Accordingly, because Gause is not eligible for relief under the First Step Act, the Court both (1) declines to reduce his sentence, and (2) grant his motions. His

---

[1] Because Gause's motion is based on the First Step Act's modifications to the definition of "serious drug felonies" and, in order to not get outside of the arguments presented by both Gause and the Government, the Court has not addressed whether Gause would in fact remain a career offender if sentenced today based on the predicate status of his instant offense of conviction, conspiracy. Specifically, Gause did not raise any issue regarding whether his federal conviction for conspiracy is a predicate for career offender status. As Gause has been released from custody, the issue is now moot. The Record also reflects that his adjusted total offense level would remain at 36 even if he were no longer a career offender. *See* ECF No. 405 at ¶ 76.

motions, ECF Nos. 518 & 521, are **DENIED**.[2]

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 28, 2023
Columbia, South Carolina

---

[2] The Government filed a motion for an amended briefing order in light of the recent amendments to the Guidelines' policy statement governing compassionate release motions under 18 U.S.C. § 3582(c)(1)(A). ECF No. 525. There is not currently a pending compassionate release motion in this matter. To the extent this Government's motion was made to address Gause's First Step Act motions, it is now moot in light of this order.